I received a call yesterday from Jeff Bernstein, the attorney for the department. We had a discussion about this case and then we were discussing about sending this case back to mediation. He's here today and would like to ask this court's permission if it's possible to send this to mediation. And this is the case in which there are welts on the boy, there's punishment by the father with a belt. That's the case we're talking about? And this is under the modified categorical approach, they're lacking the name, so there's kind of a problem with their case, right? Okay, so you're asking us, I guess I need to hear from the government too, but you're asking us to defer submission pending your going through Ninth Circuit mediation? That's correct, Your Honor. We're reluctant to send things to mediation that might not settle and then we start all over again with an argument. I understand, Your Honor. Is this case going to settle? I'm not trying to bind you, but are you going to mediation in order to say no? I never have before, Your Honor, and obviously it's not my decision. I have recommendations and I'm not so sure I can tell you my recommendations, but I will. I will recommend that the case, in fact, be remanded. I don't make that decision by myself. We need to consult with the client as well. I have already consulted with my supervisors to a certain degree, but we all have to go back to the client to talk to the client. Without telling you that this case will be remanded through mediation, I am quite sure, I shouldn't say quite sure, but I expect that it will. I can't say that it will 100 percent, but I expect that it will. All right. So then I guess we'll issue the appropriate order. We appreciate your candor. Thank you very much. Thank you very much. Thank you so much. All right. We will hear a case versus Gonzales.
judges: Trott Wardlaw W. Fletcher